UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

LARRY F. MANN )
)
v. ) 4:10-cv-11
) *Mattice/Lee*
STEPHEN DOTSON, WARDEN )

**MEMORANDUM**

Petitioner Larry F. Mann ("Petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and paid the $5.00 filing fee [Court Doc. 1]. Petitioner claims that he was denied effective assistance of counsel; that he has newly obtained evidence; that his confession was coerced; and that the prosecutor engaged in misconduct. Petitioner's claims are sparse and lack factual support, in violation of Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts. In addition, a preliminary review of the petition as required by Rule 4 of the Habeas Rules reveals that Petitioner's state post-conviction petitioner is pending in the state trial court in Altamont, Tennessee; thus he has failed to exhaust available state court remedies.

I.  **FACTS**

Petitioner is presently serving a term of twenty-five years imprisonment imposed on April 8, 2002 by the state court in Altamont, Tennessee, after a jury found him guilty of especially aggravated kidnaping, attempted first degree murder, and aggravated assault (Court Doc. 1).

1

According to the sparse allegations in his petition, following his conviction, Petitioner did not pursue a direct appeal but did file a state post-conviction petition on some unidentified date. Petitioner does not contend that he has diligently pursued state post-conviction relief, as he simply indicates he filed the state post-conviction petition but has never heard from the state court regarding the petition.

## II.    EXHAUSTION

A prisoner must exhaust available state remedies prior to pursuing federal habeas corpus remedies. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires Petitioner to fairly present his federal claims in state court, giving the state courts a fair opportunity "to act on his claims before he presents those claims to a federal court in a habeas petition." *Id.* at 842. "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845.

Under the rules governing habeas petitions, it must be clear on the face of a petition that a petitioner has exhausted his state remedies, or that there is an absence of state corrective process, or that circumstances exist that render such process ineffective to protect a petitioner's rights. 28 U.S.C. § 2254(b)(1)(A) and (B). The petition filed in this case does not show exhaustion of state remedies, absence of state corrective process, or any circumstance that renders ineffective such state process as may exist.

An application for a writ of habeas corpus will not be granted unless the applicant has exhausted the remedies available in state court. 28 U.S.C. § 2254. The Supreme Court has interpreted this rule as one of total exhaustion. *Rose v. Lundy*, 455 U.S. 509,

2

510 (1982). Therefore, unless an exception applies, failure to comply with the exhaustion rule as to only one of the claims will normally render the entire petition for federal habeas relief a "mixed petition" which must be dismissed if a remedy is still available for the prisoner to pursue. *Id*. at 519-521.

Absent unusual or exceptional circumstances, a district court should dismiss a petition filed pursuant to 28 U.S.C. § 2254 if it contains unexhausted claims. *O'Guinn v. Dutton*, 88 F.3d 1409, 1412 (6th Cir. 1996), *cert. denied*, 519 U.S. 1079 (1997). As a general rule, state prisoners seeking federal habeas relief must first exhaust all of their available state court remedies. 28 U.S.C. § 2254; *Hannah v. Conley*, 49 F.3d 1193, 1195 (6th Cir. 1995); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

The exhaustion issue can and must be raised by the district court when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987) (reiterating the Sixth Circuit's holding that courts are obligated to review the exhaustion issue *sua sponte*). Petitioner bears the burden of demonstrating exhaustion, *Rust v. Zent*, 17 F.3d at 160, a burden which Petitioner has failed to carry in the instant case. The petition does not reflect that Petitioner pursued a direct appeal or has done anything more than allegedly send a state post-conviction petition to the state trial court. As a consequence, no state court has addressed any potential ground for habeas relief.

If a petitioner has the right under state law to raise, by any available procedure, the question presented in his federal habeas petition, he has not exhausted available state

3

remedies. 28 U.S.C § 2254(c). Because Petitioner has a pending state post-conviction petition raising the same issues he has raised in his federal habeas petition, he has failed to exhaust his available state court remedies by fairly presenting all of his claims to the state courts. Petitioner has not alleged any unusual or exceptional circumstances warranting review of his habeas corpus petition nor are any such circumstances apparent from the record.

Accordingly, a Judgment will enter **DISMISSING** Petitioner's federal habeas petition as prematurely filed because he failed to exhaust available state remedies [Court Doc. 1].

SO ORDERED.

ENTER:

                                         */s/Harry S. Mattice, Jr.*
                                         HARRY S. MATTICE, JR.
                                         UNITED STATES DISTRICT JUDGE